UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TITO ROLLINS,

                    Plaintiff,

                                                            **COMPLAINT &**
        v.                                                  **JURY DEMAND**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
MELENDEZ, 77th Precinct,
NEW YORK CITY POLICE DETECTIVE
JOHN DOE, 77th Precinct,
NEW YORK CITY POLICE OFFICER
JANE DOE, 77th Precinct,

                    Defendant(s).
-------------------------------------------------------X


### PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, TITO ROLLINS, seeks redress for the
Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983
and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the
Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and
Constitution of the State of New York.

### JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being
an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount
of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars,
exclusive of interest and costs.

−1−

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

### VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

### PARTIES

7. The Plaintiff, TITO ROLLINS is a United States Citizens and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendants NEW YORK CITY POLICE OFFICER MELENDEZ, NEW YORK CITY POLICE DETECTIVE JOHN DOE and NEW YORK CITY POLICE OFFICER JANE DOE upon information and belief of the 77th Precinct, are and at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendants, NEW YORK CITY POLICE OFFICER MELENDEZ, NEW YORK CITY POLICE DETECTIVE JOHN DOE and NEW YORK CITY POLICE OFFICER JANE DOE are sued individually and in their official capacity. At all times relevant Defendants, NEW YORK CITY POLICE OFFICER MELENDEZ, NEW YORK CITY

–2–

POLICE DETECTIVE JOHN DOE and NEW YORK CITY POLICE OFFICER JANE DOE were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties.  Defendants, NEW YORK CITY POLICE OFFICER MELENDEZ, NEW YORK CITY POLICE DETECTIVE JOHN DOE and NEW YORK CITY POLICE OFFICER JANE DOE were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by its NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police

–3–

Officers.

## STATEMENT OF FACTS

11. On May 31, 2014 at approximately 11:00 p.m. Plaintiff, who is a disabled veteran of the U.S. Navy, was inside of his residence, located at 805 Park Place in Kings County when he heard his nephew yelling in sum and substance, "I didn't do anything". The Plaintiff and his elderly mother, left their apartment and began to walk upstairs to where they heard the Plaintiff's nephew yelling. As the Plaintiff approached the next floor he observed his nephew on the floor with his hands cuffed behind his back and Defendant NEW YORK CITY POLICE DETECTIVE JOHN DOE, standing on the Plaintiff's nephew's legs, and an unknown member of THE NEW YORK CITY POLICE DEPARTMENT, standing on the Plaintiff's nephew, neck. The Plaintiff, who was barefoot, wearing shorts and a basket-ball styled undershirt, immediately told his nephew to not resist in and way and to calm down. One of the aforementioned Defendant Officers told the Plaintiff, in sum and substance "go back downstairs." The Plaintiff immediately complied with this order and proceeded to go back downstairs toward his apartment. Once on the landing Defendant NEW YORK CITY POLICE DETECTIVE JOHN DOE, told a female member of the NEW YORK CITY POLICE DEPARTMENT, hereinafter identified as Defendant NEW YORK CITY POLICE OFFICER JANE DOE, in sum and substance "lodge him" referring to the Plaintiff. Defendant NEW YORK CITY POLICE OFFICER JANE DOE then placed the Plaintiff in handcuffs, and subsequently turned over custody of the Plaintiff to Defendant NEW YORK CITY POLICE OFFICER MELENDEZ. The Plaintiff, who suffers from arthritis in both ankles, was not allowed to retrieve his ankle braces or footwear of any kind, from his apartment by Defendant NEW YORK CITY POLICE OFFICER MELENDEZ or any named Defendant Officer, despite requests made by the Plaintiff. Defendant

NEW YORK CITY POLICE OFFICER MENDEZ then proceeded to make the Plaintiff walk barefoot, with his hands cuffed behind his back for half a block in front of neighbors and passerby, to a squad car. The Plaintiff was then transported to the 77th Precinct, where he was put into a holding cell, still barefoot. While at the 77th precinct, the Plaintiff was not fingerprinted or photographed by any of the named Defendants or any other members of THE NEW YORKC ITY POLICE DEPARTMENT. At approximately 4:00 a.m., when the Plaintiff was about to be taken out of the precinct after approximately five hours, he complained to members of THE NEW YORK CITY POLICE DEPARTMENT of his feet having no feeling and being completely numb. The Plaintiff was eventually transported by ambulance from the 77th precinct to Kings County Hospital where he received medical treatment for the injuries inflicted by the named Defendant Officers. The Plaintiff was subsequently released from the custody of THE NEW YORK CITY POLCIE DEPARTMENT at approximately 7:00 a.m. As a result of the injury to both of his feet the Plaintiff was unable to walk for two days.

## FIRST FEDERAL CLAIM

### Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution, False Arrest.

12. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JANE DOE, acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully arresting the Plaintiff, without lawful cause or reason.

14. That the actions of Defendant NEW YORK CITY POLICE OFFICER JANE DOE

–5–

occurred in and during the course and scope of her duties and functions as a New York City Police

Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE

DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and

hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of rights secured by Section 42 U. S.C. 1983 and the Fourteenth Amendment to**

**the United States Constitution, False Arrest**

15.   The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1)

through Fourteen (14) as if fully set forth herein.

16.   Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE

DETECTIVE JOHN DOE acting under color of State Law violated section 42 U.S.C. 1983 by

unlawfully ordering the arrest of Plaintiff without lawful reason or cause.

17.   That the actions of Defendant NEW YORK CITY POLICE DETECTIVE JOHN

DOE occurred in and during the scope of his duties and functions as a New York City Police Officer,

and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT

and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned

harm to Plaintiff

## THIRD FEDERAL CLAIM

**Violation of the rights secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment**

**to the United States Constitution- Excessive Force**

18.  The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1)

through Seventeen (17) as if fully set forth herein.

–6–

19. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER MELENDEZ acting under color of State Law violated section 42 U.S.C. 1983 by unlawfully using excessive force upon the Plaintiff without lawful reason or cause.

20. That the actions of Defendant New York City Police Officer MELENDEZ occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIRST STATE LAW CLAIM

21. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty (20) as if fully set forth herein.

22. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE DETECTIVE JOHN DOE resulted in injury to Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

23. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER MELENDEZ resulted in injury to the Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

–7–

25. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JANE DOE resulted in injury to Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH STATE LAW CLAIM

27. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28. That the actions of Defendants NEW YORK CITY POLICE DETECTIVE JOHN DOE, NEW YORK CITY POLICE OFFICER JANE DOE and NEW YORK CITY POLICE OFFICER MELENDEZ intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, continued public humiliation and embarrassment.

## FIFTH STATE LAW CLAIM

29. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER MELENDEZ, in conducting the unlawful use of excessive force upon the Plaintiff, without lawful reason or cause, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH STATE LAW CLAIM

31. The Plaintiff incorporates by reference each of the allegations contained in paragraphs

One (1) through Thirty (30) as if fully set forth herein.

32. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE DETECTIVE JOHN DOE and MELENDEZ, in permitting the unlawful use of excessive force upon the Plaintiff, without lawful reason or cause, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### SEVENTH STATE LAW CLAIM

33. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

34. That Defendant NEW YORK CITY POLICE OFFICER MELENDEZ negligently caused physical injury to Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### EIGHTH STATE LAW

35. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Thirty Four (34) as if fully set forth herein.

36. That Defendant NEW YORK CITY POLICE OFFICER MELENDEZ recklessly caused physical injury to Plaintiff resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

    1. Compensatory Damages for Plaintiff.

    2. Punitive Damages against Defendants New York City Police Officer Detective JOHNDOE and NEW YORK CITY POLICE OFFICER JANE DOE and NEW YORK CITY POLICE OFFICER MELENDEZ.

    3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

    4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: May 29, 2015

                             VICTOR M. BROWN, ESQ.
                             (VB-5289)
                             Attorney for Plaintiff
                             11 Park Place, Suite 600
                             New York, NY 10007
                             (212) 227-7373
                             Fax(212) 227-2330
                             E: vbrownlaw@yahoo.com